**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARRIE A. DUNNE,

        Plaintiff,

                                      Case No. 10-12777

v.                                     Hon. Lawrence P. Zatkoff

DETROIT MEDICAL,

        Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 26, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss and for summary judgment [dkt 12]. The motion has been fully briefed, and the Court has permitted the parties to file supplemental briefs. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons stated below, Defendant's motion is GRANTED.

### II.  BACKGROUND

Plaintiff was employed in a secretarial position at the Rehabilitation Institute of Michigan ("RIM"), a hospital owned and operated by Defendant. In January 2009, the organizational structure

of RIM was changed, involving key leadership positions.  In an effort to align administrative assistant support with the new RIM organizational structure, management reorganized the administrative support staff.  Several administrative support staff positions were eliminated, and five new positions were created.  One of the administrative staff positions eliminated pursuant to the reorganization was the Administrative Secretary position held by Plaintiff.  The duties that Plaintiff had previously performed, as well as additional duties that Plaintiff had not previously performed, were combined into a newly created Executive Secretary position.  The new Executive Secretary position was posted on Defendant's website.  Plaintiff and others applied for the position.  Defendant selected another applicant for this position, and Plaintiff was laid off as a result.  During the next five months, Plaintiff applied for eleven positions with Defendant, but was not hired for any of them. In month six, however, Defendant called Plaintiff back to work and she remains employed by Defendant.

Regarding the Executive Secretary Position, and the eleven subsequent positions for which Plaintiff applied and was not hired, Plaintiff alleges that she was discriminated against based on her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, and race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.  Plaintiff is a white female, aged 52 in 2009, and complains that the successful applicants were younger, racial minorities.  The age and racial makeup of the successful applicants were as follows:

|     | Job#  | Age | Race  |
|-----|-------|-----|-------|
| 1.  | 29704 | 45  | Black |
| 2.  | 29561 | 43  | White |
| 3.  | 29805 | 50  | White |

| | | | |
|---|---|---|---|
| 4. | 29887 | 41 | Black |
| 5. | 30318 | 55 | White |
| 6. | 30282 | 39 | White |
| 7. | 29948 | 49 | White |
| 8. | 29927 | 47 | White |
| 9. | 29503 | 58 | Non-White |
| 10. | 30626 | 37 | Non-White |
| 11. | 33561 | 38 | Black |
| 12. | 33651 | 46 | Pacific Islander |

For each of these positions, Defendant has provided non-discriminatory reasons for why Plaintiff was not hired:

| | Job # | Reason for Non-Hire |
|---|---|---|
| 1. | 29704 | Plaintiff's weaknesses, including customer service, problem solving, and negative disposition; successful applicant's strengths, including experience, professionalism, customer relations, and good problem solving. |
| 2. | 29561 | Successful applicant was more qualified; Plaintiff made poor impression during her interview. |
| 3. | 29805 | Successful applicant was more qualified; negative recommendation from Plaintiff's former manager. |
| 4. | 29887 | Successful applicant was more qualified. |
| 5. | 30318 | Plaintiff not selected for interview; successful applicant was the most qualified applicant. |
| 6. | 30282 | Plaintiff not selected for interview; successful applicant was the most qualified applicant and made a favorable impression during their interview. |

3

| | | |
|---|---|---|
| 7. | 29948 | Successful applicant was the most qualified applicant and made a good impression during their interview by asking well-spoken questions and by appearing confident when speaking; interviewer had no recollection of interviewing Plaintiff. |
| 8. | 29927 | Successful applicant was the most qualified applicant; interviewer had no recollection of interviewing Plaintiff. |
| 9. | 29503 | Successful applicant was the most qualified applicant; interviewer had no recollection of interviewing Plaintiff. |
| 10. | 30626 | Plaintiff not selected for interview; successful applicant was the most qualified applicant and made a favorable impression during their interview. |
| 11. | 33561 | Plaintiff not selected for interview because her application did not indicate experience with payroll and purchase ordering; successful applicant was the most qualified applicant. |
| 12. | 33651 | Successful applicant more qualified than Plaintiff, and had preferable experience. |

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

4

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A.   RACE DISCRIMINATION

Since Plaintiff is white, she asserts a claim for reverse discrimination against Defendant. In order to make out a prima facie case of reverse discrimination, Plaintiff must show that:

> (1) [s]he is a member of a protected class; (2) [s]he was qualified for the job; (3) [s]he experienced an adverse employment action; and (4) [s]he was replaced by a person outside the protected class or [s]he was treated differently than a similarly situated non-protected employee.

*Highfill v. City of Memphis*, No. 10-5193, 2011 U.S. App. LEXIS 11524, at *5–6 (6th Cir. June 6, 2011) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Additionally, the

5

Sixth Circuit requires that a plaintiff demonstrate "background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (internal quotation marks omitted).

While Plaintiff argues that she can establish the first four prongs of a prima facie case, Plaintiff presents no argument or evidence supporting the suspicion that Defendant is that unusual employer who discriminates against the majority. Thus, the Court finds that Plaintiff concedes this issue. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]"). Additionally, the Court notes that the record does not support such a conclusion, especially since six of the twelve successful applicants hired instead of Plaintiff were white, and Plaintiff—also white—was rehired. Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's claim for racial discrimination.

## B.   AGE DISCRIMINATION

Where, as here, a plaintiff fails to present direct evidence of age discrimination, such claims must be analyzed under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

> Initially, the plaintiff must present evidence sufficient to establish a prima facie case of age discrimination. Once a plaintiff satisfies his or her prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action. If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination.

*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998) (citations omitted).

Defendant argues that regardless of whether Plaintiff can establish a prima facie case of age discrimination, there is no evidence supporting the conclusion that Defendant's non-discriminatory explanations for why Plaintiff was not hired for the twelve positions at issue are a mere pretext for intentional age discrimination.  In response, Plaintiff ignores the issue of pretext, arguing only that she can establish a prima facie case.  Accordingly, the Court concludes that Plaintiff concedes this issue.  As a result, the Court will grant Defendant's motion for summary judgment with respect to Plaintiff's age discrimination claim.[1]

## V.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss and for summary judgment [dkt 12] is GRANTED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2011

---

[1]Having found that Plaintiff has failed to demonstrate the existence of genuinely disputed material facts on both of her claims, the Court need not address Defendant's additional arguments for dismissal of Plaintiff's complaint.

7

`                                   CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on July 26, 2011.


                                              S/Marie E. Verlinde_____
                                              Case Manager
                                              (810) 984-3290

8